UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ANDY M. ALANG** | **CIVIL ACTION NO. 05-1226** |
| **A 29 886 631** | **SECTION P** |
| **VS.** | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

On July 11, 2005, Andy M. Alang, filed a Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2241) requesting release from the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE") claiming that his detention violates his constitutional rights under *Zadvydas*. Defendants filed a Motion to Dismiss (Doc. #10) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The Motion to Dismiss is unopposed.[1] For reasons stated below, it is recommended that the motion be **GRANTED**.

The record shows that on September 21, 2005, Alang was released from ICE custody to the United States Marshal Service for criminal proceedings that resulted in a nine-month sentence for violation of probation. (Doc. #10 - Exhibit 2). The Attorney General may not

---

[1] The Court notes that previous mail has been returned as undeliverable when sent to Petitioner at the address Petitioner last provided. However, the Court believes that Petitioner has received notice of the current Motion to Dismiss because Defendants filed the Certificate of Service stating that a copy of the Motion was sent to Petitioner on November 22, 2005 at a location different than that which the Court has on record, and there is nothing in the record which suggests that he did not receive service of the motion. It is therefore **ORDERED** that Petitioner's address in the Court's records be changed to reflect the address provided by Defendants, and that a copy of this report and recommendation be served on him at that address.

1

remove Alang until he has been released from imprisonment. 8 U.S.C. § 1231(a)(4)(A). Since Alang is now in the custody of the United States Bureau of Prisons and not ICE, there is no subject matter jurisdiction over his habeas petition and this matter must be dismissed. Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. #10) be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE for Lack of Subject-matter jurisdiction**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE